## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| RUT OQUENDO-CONCEPCIÓN, personally and on behalf of her minor daughter, E.C.O., <br><br> Plaintiffs, <br><br> v. <br><br> DEPARTMENT OF EDUCATION OF PUERTO RICO, and the COMMONWEALTH OF PUERTO RICO, <br><br> Defendants. | CASE NO. 22-cv-1439 <br><br><br> ATTORNEY'S FEES AND COSTS PURSUANT TO <br> 20 U.S.C. § 1415(i)(3)(B) |

**VERIFIED COMPLAINT**

**TO THE HONORABLE COURT:**

**NOW COME** plaintiffs, through their undersigned attorney, and very respectfully state, allege and pray as follows:

### INTRODUCTION

1. This is an action for attorney's fees and costs brought by Mrs. Rut Oquendo-Concepción, personally and on behalf of her minor daughter, E.C.O.

2. E.C.O. is a child with disabilities, pursuant to the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. §§ 1400 et seq.

3. This action arises under section 1415(i)(3)(B) of the IDEA which provides that a federal district court can award attorneys' fees to the parents or guardian of a child with a

Verified Complaint
Case No. 22-cv-1439

disability who is a prevailing party in an administrative proceeding. See 20 U.S.C. § 1415(i)(3)(B)(i)(I). See also 34 C.F.R. § 300.517(a)(1)(i) (2010).

## JURISDICTION AND VENUE

4.   Jurisdiction is conferred on this Court by 20 U.S.C. §§ 1415 (i)(2)(A) and (i)(3)(A); 28 U.S.C. §§ 1331, 1343 (a)(4), 2201 and 1441; 20 U.S.C. § 1415. See also 34 C.F.R. § 300.516 (2010).

5.   Venue is proper in this District Court pursuant to 28 U.S.C. § 1391 as the events giving rise to this claim occurred in this district, and all parties are residents of Puerto Rico.

## PARTIES

6.   Plaintiff Mrs. Rut Oquendo-Concepción is the mother and legal custodian of minor E.C.O. See **Exhibit #1**, Unsworn Statement under Penalty of Perjury signed by Rut Oquendo-Concepción on September 12, 2022.

7.   Plaintiff E.C.O. is a five (5) year old girl born on November 15, 2016, who is diagnosed neutropenia, low muscle tone, sensory problems, dysphagia, oromotor problems, anxiety and other health conditions that require specialized education and related services to be able to receive a free appropriate public education.

8.   E.C.O. resides with her mother in the Municipality of Vega Alta, Puerto Rico, with the following physical and postal

address: Ext. Villas de Santa Ana, I-14 Calle Diamante, Vega Alta, P.R. 00692.

9. E.C.O. is duly registered with the Department of Education of Puerto Rico ("PR-DOE") as a child with disabilities with registration number 34723760 and is registered in the PR-DOE's Vega Alta District, Arecibo Region.

10. As a child with disabilities, E.C.O. is qualified by federal and state law to participate in the academic and related services program of the public education system administered by the PR-DOE.

11. Plaintiffs seek that this Honorable Court order defendants to provide the attorney's fees and costs entitled to them as prevailing parties in administrative case number QEE-2223-204-07-00029, as well as those incurred in the prosecution of the instant action.

12. The Department of Education of Puerto Rico is the agency of the Commonwealth of Puerto Rico responsible for providing and administering the public education system in the Commonwealth of Puerto Rico.

13. As a recipient of federal funding under the IDEA, the PR-DOE is responsible for providing a free appropriate public education suited to the individual needs of minor E.C.O., a child

with disabilities.

14. The physical address of the PR-DOE is Urbanización Industrial Tres Monjitas, Avenida Federico Costas, Equina Calaf, Hato Rey, Puerto Rico, 00919, and the postal address is P.O. Box 190759, San Juan, P.R. 00917.

15. The Commonwealth of Puerto Rico is included as co-defendant due to the Department of Education of Puerto Rico's lack of capacity to sue and be sued.

16. The Commonwealth is represented by the Puerto Rico Department of Justice, whose physical address is Calle Teniente César González, Esquina Ave. Jesús T. Piñero, San Juan, P.R., 00919, and postal address is P.O. Box 9020192, San Juan, P.R. 00902-0192.

**STATEMENT OF THE CASE**

17. On July 11, 2022, plaintiffs filed administrative complaint number QEE-2223-04-07-00029 requesting a ruling that the PR-DOE denied E.C.O.'s her right to a free appropriate public education for the 2021-2022 and 2022-2023 school years, private school placement at public cost for the 2022-2023 school year, multiple related services, compensatory educational and related services, and a certified copy of her academic record.

18. The administrative due process hearing was held on

September 7, 2022, via videoconference, before administrative law judge ("ALJ") John M. Cruz-Espinosa, Esq.

19. On September 8, 2022, ALJ Cruz-Espinosa issued a resolution in E.C.O.'s favor and ordered the PR-DOE to provide the relief sought in the due process complaint.

20. The resolution issued by ALJ Cruz-Espinosa in case number QEE-2223-04-07-00029 has not been appealed by the PR-DOE and, therefore, will became final.

21. In view that the relief requested in the due process complaint was obtained, making plaintiffs the prevailing party, IDEA's section 1415(i)(3)(B) provides for the payment of the attorney's fees and costs incurred in the administrative proceeding, as well as those additional fees and costs spent in the present litigation.

**CAUSE OF ACTION**

22. Plaintiffs re-allege and incorporate paragraphs 1 thru 21 of this Verified Complaint.

23. IDEA's section 1415(i)(3)(B) provides that a federal district court can award attorney's fees and costs to the parents or guardian of a child with a disability who is a prevailing party in an administrative or judicial proceeding. See also 34 C.F.R. § 300.517(a)(1)(i).

Verified Complaint
Case No. 22-cv-1439

24. The relief requested in the administrative proceeding was granted by the hearing officer, making plaintiffs the prevailing party in such proceeding. Consequently, plaintiffs are entitled to attorney's fees pursuant to 20 U.S.C. § 1415(i)(3)(B)(i)(I).

25. Plaintiffs request an award of the attorney's fees and costs incurred in administrative proceeding number QEE-2223-04-07-00029, as well as those additional fees and costs which will be spent in the present litigation up to its final disposition.

26. Attached to this Verified Complaint is a detailed invoice for the legal services provided up to date by plaintiffs' counsel in administrative proceeding number QEE-2223-04-07-00029, and in the preparation and filing of the instant case complaint. See **Exhibit #2**, invoice number 16521.

27. All costs itemized in Exhibit #2 were necessarily incurred in the successful prosecution of administrative proceeding number QEE-2223-04-07-00029, and in the preparation and commencement of this civil action.

28. The hourly rate charged for the services provided by the undersigned attorney is $165.00 per hour, charged in increments of one tenth of an hour (.10).

29. The undersigned counsel's previous $150.00 hourly fee

6

Verified Complaint
Case No. 22-cv-1439

was recently raised by ten percent to $165.00 due to the current inflationary period and substantial increase in the costs of living and doing business in Puerto Rico.

30. This ten percent increase is in line with inflation and with the increased experience and years of service of counsel Vizcarrondo in special education litigation in Puerto and should therefore be held reasonable and appropriate.

31. The undersigned attorney's previous $150.00 hourly rate was set at the onset of the last decade (2010) and was consistently held reasonable and appropriate by this Honorable Court during the last decade for special education litigation in Puerto Rico. See, Ortiz-Cardona v. Department of Education of Puerto Rico, No. 15-3121 2017 U.S. Dist. LEXIS 72501 (D.P.R. March 24, 2017); Cintrón-Marzán v. Department of Education of Puerto Rico, No. 16-2168 (D.P.R. October 3, 2016)(ECF No. 19)(Domínguez, J.); Pérez-Ortiz v. Department of Education of Puerto Rico, No. 16-2424 (D.P.R. September 14, 2016)(ECF No. 17)(Gelpí, J.).

32. The undersigned attorney is a sole practitioner with eighteen years of experience actively litigating civil cases in federal and state courts.

33. In May of 2000, the undersigned obtained a Bachelor of Science in Business Administration degree with majors in finance

7

Verified Complaint
Case No. 22-cv-1439

and management, as well as a minor in economics, with honors, from the University of Florida, Warrington College of Business Administration in Gainesville, Florida.

34. The undersigned then obtained a *juris doctor* degree, with *cum laude* honors, from the University of Puerto Rico, School of Law, in June of 2003.

35. The undersigned was admitted to the Puerto Rico Bar shortly after graduating from law school, achieving a 97-percentile result in the bar exam, and was sworn in by the Puerto Rico Supreme Court on January 26, 2004 (Bar No. 14,860).

36. On March 11, 2004, the undersigned was authorized to practice as a notary public in the Commonwealth of Puerto Rico.

37. On June 25, 2004, the undersigned was admitted to practice in this Honorable District Court (Bar No. 221714) and, on September 13, 2004, to the U.S. Court of Appeals for the First Circuit (Bar No. 100945).

38. Since 2004, the undersigned has been actively litigating multiple cases in federal and state courts. In fact, as of this date the undersigned figures as counsel in reported cases from this District Court and the First Circuit. See, e.g., Lloyd's of London v. Pagán-Sánchez, 539 F.3d 19, 2008 A.M.C. 1990 (1st Cir. 2008); Vázquez-Carmona v. Department of Education of P.R., 255 F.

Supp. 3d 298 (D.P.R. 2017); Arroyo-Delgado v. Department of Education of P.R., 199 F. Supp. 3d 548 (D.P.R. 2016); Torres-Serrant v. Department of Education of P.R., 100 F. Supp. 3d 138 (D.P.R. 2015); Concepción-Torres v. Commonwealth of P.R., 45 F. Supp. 3d 170 (D.P.R. 2014); Hernández-Rodríguez v. Commonwealth of P.R., 764 F. Supp. 2d 338 (D.P.R. 2011); Sylva v. Culebra Dive Shop, 389 F. Supp. 2d 189, 2005 A.M.C. 2344 (D.P.R. 2005). See also unpublished opinions available in the LexisNexis database such as Pinzón-Bilbrault v. Commonwealth of P.R., Civil No. 10-1630 (SEC), 2011 U.S. Dist. Lexis 72698 (D.P.R. July 6, 2011); Díaz-Báez v. Alicea-Vasallo, Civil No. 10-1570 (JAG), 2011 U.S. Dist. Lexis 39225 (D.P.R. March 31, 2011); Oliver v. Kmart Corp., Civil No. 08-1660, 2009 U.S. Dist. Lexis 21473 (D.P.R. March 13, 2009); Ortiz-Zambrana v. García-Santiago, Case No. KLRA 2010-01175, 2011 PR App. Lexis 3259 (P.R. Ct. App. December 12, 2011); Rosado-Mojica v. Diagnostic Imaging Center, Case No. KLAN 2011-01386, 2011 PR App. Lexis 3600 (P.R. Ct. App. November 30, 2011); Ortiz-Zambrana v. García-Santiago, Case No. KLRA 2010-01175, 2010 PR App. Lexis 4827 (P.R. Ct. App. November 16, 2010); Pueblo International, LLC v. Plaza Las Américas, Inc., Case No. KLAN 2007-00265, 2008 PR App. Lexis 1913 (P.R. Ct. App. May 27, 2008); Popular Auto v. Vélez-Báez, Case No. KLCE 2006-01111, 2006 PR App.

Lexis 3107 (P.R. Ct. App. November 30, 2006); Pueblo International, LLC v. Plaza Las Américas, Inc., Case No. KLCE 2004-00767, 2006 PR App. Lexis 1865 (P.R. Ct. App. August 25, 2006); Ayala-Rivera v. Banco Popular de P.R., Case No. KLCE 2005-00933, 2005 PR App. Lexis 2964 (P.R. Ct. App. September 26, 2005); Simons-Burgos v. Banco Popular de P.R., Case No. KLCE 2005-00074, 2005 PR App. Lexis 00721 (P.R. Ct. App. March 28, 2005); Pueblo International, LLC v. Plaza Las Américas, Inc., Case No. KLCE 2004-01007, 2004 PR App. Lexis 1789 (P.R. Ct. App. October 13, 2004); Pueblo International, LLC v. Plaza Las Américas, Inc., Case No. KLCE 2004-00572, 2004 PR App. Lexis 0781 (P.R. Ct. App. May 24, 2004).

39. For close to fifteen years, counsel for the appearing parties has effectively represented clients in hundreds of special education cases before administrative forums all over the Island, and in local and federal courts. See, e.g., Rojas-Mercado v. PR-DOE, 2008-014-011, 2010-014-001; Delgado-López v. PR-DOE, 2009-098-022, 2011-098-003, 2011-098-017; Mercado-Nieves v. Commonwealth of P.R., KPE 2010-1188 (907), KPE 2010-2188 (907), 10-1737 (JP/JAF); López-Lamboy v. Commonwealth of P.R., 10-1316 (FAB)(JA); Román-Hernández v. PR-DOE, 2010-032-002, 2010-032-005; Candelaria-Agrón v. Commonwealth of P.R., KPE 2010-1737 (907); Vázquez-Padilla v. Commonwealth of P.R., 10-1966 (FAB); Santa-

Verified Complaint
Case No. 22-cv-1439

López v. PR-DOE, 2010-021-011; Santa-Rodríguez v. Commonwealth of P.R., 11-1086 (SEC); García-García v. PR-DOE, 2009-09-042, 2010-69-058; García-Mejías v. Commonwealth of P.R., KPE 2010-2964 (907), KPE 2010-4452 (907), 11-1247 (JAG)(BJM); Hernández-Rodríguez v. Commonwealth of P.R., 764 F. Supp. 2d 338 (D.P.R. 2011); Oliveras-Rivera v. Commonwealth of P.R., KPE 2010-3332 (907), KPE 2010-3333 (904), 10-2218 (GAG); López-Castro v. Commonwealth of P.R., KPE 2010-4828 (904), 11-1299 (DRD); Buono-Toledo v. PR-DOE, 2010-020-008; Arroyo-Meléndez v. PR-DOE, 2010-013-054; Santos-Ortiz v. PR-DOE, 2010-004-035; Fernández-González v. PR-DOE, 2010-050-005, 2011-050-006; Santa-Rodriguez v. Commonwealth of P.R., 11-1086 (SEC); Hernández-Santiago v. PR-DOE, 2011-066-001; De la Cruz-Santiago v. PR-DOE, 2011-066-002; Rosado-Galagarza v. PR-DOE, 2011-073-004; Rodríguez-Betancourt v. PR-DOE, 2011-100-019; Betancourt-Rodríguez v. PR-DOE, 2011-100-026, 2011-100-072; Llaneza-Sarnelli v. PR-DOE, 2011-030-035, 2011-030-080; Gonzalez-Warren v. PR-DOE, 2011-069-019; Prieto-Reyes v. PR-DOE, 2011-069-019; Matos-Canales v. PR-DOE, 2011-095-034; Morales-Rivera v. PR-DOE, 2011-052-020; Meléndez-Rivera v. PR-DOE, 2011-031-021; Arroyo-Rivera v. Commonwealth of P.R., 11-1927 (DRD); Galagarza-Flores v. Commonwealth of P.R., 11-1997 (GAG); Santiago-Morales v. Commonwealth of P.R., 11-2020 (GAG); Oquendo-Oliveras

11

Verified Complaint
Case No. 22-cv-1439

v. PR-DOE, 2011-095-043; Robelo-Rodríguez v. PR-DOE, 2011-107-049; López-De Jesús v. PR-DOE, 2012-107-016; Pacheco-Cubero v. PR-DOE, 2012-107-016; Santos-Díaz v. Commonwealth of P.R., Civil No. 11-1957 (JAF); Reyes-Ortiz v. Commonwealth of P.R., Civil No. 12-1080 (FAB); Betancourt-Morales v. Commonwealth of P.R., 12-1087 (GAG); Matos-Tallada v. Commonwealth of P.R., Civil No. 12-1131 (SCC); López-Lamboy v. Commonwealth of P.R., 12-1138 (JAG)(BJM); Sarnelli-Montero v. Commonwealth of P.R., 12-1209 (PG); Gómez-Pérez v. PR-DOE, 2012-107-016; Colón-Ruiz v. PR-DOE, 2012-064-003; Oquendo-Oliveras v. PR-DOE, 2011-095-043, 2012-095-011; Rivera-Santiago v. PR-DOE, 2012-107-016; De la Paz-Levine v. PR-DOE, 2012-011-011; Menéndez-Vergara v. PR-DOE, 2013-111-036; Ríos-Díaz v. PR-DOE, 2013-111-036; Castrello-Lago v. PR-DOE, 2012-064-033; Oliveras-Rosado v. Commonwealth of P.R., KPE 2012-1130 (907); Warren-González v. Commonwealth of P.R., Civil No. 12-1097 (FAB); Toledo-Barrionuevo v. Commonwealth of P.R., Civil No. 11-1949 (FAB); González-Pérez v. Commonwealth of P.R., Civil No. 12-1093 (JAF); Levine-Díaz v. Commonwealth of P.R., Civil No. 12-1804 (ADC)(SCC); Santiago-Calderón v. Commonwealth of P.R., Civil No. 12-1708 (FAB)(CVR); Cubero-Pérez v. Commonwealth of P.R., Civil No. 12-1677 (PG).

    40.    Plaintiffs' counsel has participated in three IDEA cases

Verified Complaint
Case No. 22-cv-1439

before this District Court that resulted in published opinions. See Torres-Serrant v. Department of Education of P.R., 100 F. Supp. 3d 138 (D.P.R. 2015); Concepción-Torres v. Commonwealth of P.R., 45 F. Supp. 3d 338 (D.P.R. 2014); Hernández-Rodríguez v. Commonwealth of P.R., 764 F. Supp. 2d 338 (D.P.R. 2011).

41. Based on the educational and practical experience gathered by the undersigned attorney, the current inflationary period, and the current elevated cost of living and of doing business in Puerto Rico, the $165.00 hourly rate should be held reasonable by this Honorable Court.

42. Plaintiffs' counsel $165.00 hourly rate falls within the spectrum of the prevailing rates for attorneys in the legal community of Puerto Rico for specialized cases such as the one of caption.

43. Hourly rates of $200.00 and higher have been accepted by the Department of Education and ordered by this District Court in similar cases to the one at hand since the early 2000s. See, e.g., Zayas v. Commonwealth of Puerto Rico, 451 F. Supp. 2d 310, 315-16 (D.P.R. 2006). See also Gonzalez v. P.R. Dept. of Education, 1 F. Supp. 2d 111, 115 (D.P.R. 1998) (deeming as reasonable a $135.00 hourly rate for a Puerto Rico attorney twenty-four (24) years ago).

44. The $165.00 hourly rate of the undersigned counsel,

Verified Complaint
Case No. 22-cv-1439

billed in one tenth of an hour (.10) increments, should be held as reasonable based on the undersigned's experience and track record in special education federal and state litigation.

**PRAYER FOR RELIEF**

**WHIMEFORE**, plaintiffs respectfully request that this Honorable Court enter judgment in their favor and hold defendants liable for the payment of the attorney's fees and costs incurred in the administrative due process proceeding, plus any additional fees and costs incurred in the prosecution of this action, as well as any other and further relief deemed just and proper.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 12th day of September 2022.

*S/Francisco J. Vizcarrondo-Torres*
FRANCISCO J. VIZCARRONDO-TORRES
USDC-PR No. 221714
P.O. Box 195642
San Juan, P.R. 00919-5642
Tel. No. (787) 296-9521
fvizcarrondo@fjvtlaw.com

14